# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| FRIENDS OF MERRYMEETING BAY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket no. 2:11-cv-36-GZS |
| MILLER HYDRO GROUP, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| FRIENDS OF MERRYMEETING BAY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket no. 2:11-cv-37-GZS |
| TOPSHAM HYDRO PARTNERS LIMITED PARTNERSHIP, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER ON RENEWED MOTIONS FOR STAY

Before the Court are Defendant Miller Hydro Group's Renewed Motion to Stay (Docket # 32 in 2:11-cv-36-GZS) ("Miller Renewed Motion") and Defendant Topsham Hydro Partner's Renewed Motion to Stay (Docket # 30 in 2:11-cv-37-GZS) ("Topsham Renewed Motion"). This Court has previously denied requests to stay both of these actions while noting that each Defendant was free to renew a request for a stay based on "documentation that the ESA administrative consultation process will result in final agency action by a date certain in the near future." (September 9, 2011 Orders (Docket # 17) in 2:11-cv-36-GZS & 2:11-cv-37-GZS.)

In its Renewed Motion, Miller Hydro represents that it is operating under an updated schedule that "anticipates final agency action under the ESA Section 7 consultation process by

September 2012." (Miller Renewed Motion at 6.) As Plaintiff points out in its Response, NMFS and FERC, the two federal agencies that necessarily dictate the timing of any final agency action, have not made any firm commitment to Miller Hydro's updated schedule. Likewise, Topsham Hydro indicates that it, too, is operating under an updated schedule that should conclude with FERC issuing an amended license for the Pejepscot Project in September 2012. While NMFS has indicated that the updated schedule is "acceptable," FERC has made no commitment to acting in accordance with Topsham Hydro's updated schedule. (Exs A & B to Hall Decl. (Docket #s 30-2 & 30-3 in 2:11-cv-37-GZS).)

While the Court certainly appreciates the efforts of both Defendants to expedite agency action regarding any incidental take associated with their licensed operations, it does not believe the record submitted in connection with the pending Renewed Motion warrants a stay of this action. Rather, at this point, it appears that Plaintiff should be allowed to continue with the discovery process while the administrative process continues. It may be that the outcome of the administrative proceedings moots some of the relief sought by Plaintiff. However, on the current record, the Court cannot conclude as a matter of law that Plaintiff's claims will be mooted entirely. Thus, at this juncture, it appears a stay will only delay action on these two cases without ultimately conserving judicial resources.

Therefore, the Court DENIES the Motions for Stay WITHOUT PREJUDICE to the stay issue being renewed by the Court or any party when and if dispositive motions are filed and/or these cases are set for trial.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 12th day of March, 2012.